# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| PATRICK DAVIS, | No. 4:17-CV-00818 |
|---|---|
| Plaintiff, | (Judge Brann) |
| v. | |
| JOHN and JANE DOES, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

**FEBRUARY 19, 2020**

Presently before the Court are Plaintiff Patrick Davis' motions to compel discovery responses related to his civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently confined at the State Correctional Institution at Rockview, in Bellefonte, Pennsylvania. Defendants have filed oppositions to the motions, and the motions are now ripe for disposition. For the reasons that follow, the Court will deny without prejudice the motions to compel.

## I.     BACKGROUND

In Plaintiff's complaint, Plaintiff alleges that while he was incarcerated at the State Correctional Institution at Huntingdon, in Huntingdon, Pennsylvania, he was the victim of an attack by another inmate which left him severely injured and now paralyzed. Plaintiff alleges that the Defendants, some of whom are John or Jane Does, failed to protect him from this other inmate in numerous ways, including

1

removing Plaintiff from the special needs unit, where he was previously housed at another state prison; not adequately monitoring or securing the prison such that a rogue inmate could be at large and unaccounted for long enough to obtain a shank and assault Plaintiff; disclosing to other inmates that Plaintiff was a confidential informant; and failing to adequately monitor and secure the inmate who assaulted Plaintiff despite an alleged known history of violence by this inmate. Although not alleged in the complaint, Plaintiff now believes that the identity of the inmate who assaulted him is non-party Inmate West. Defendants filed an answer to the complaint, and discovery commenced.

Relevant here, Plaintiff has filed numerous motions to compel responses to his discovery requests.[1] The discovery materials requested consist of

> (1) the production of Plaintiff's injury reports, medical records, and extraordinary incident report; "17x CAR, block card, and log book entries;" Officers PA Code of Ethics and Post Orders; Plaintiff's transfer petition out of SCI Huntingdon and documents related thereto; job descriptions for certain defendants; and numerous documents regarding Inmate West, such as misconduct history, sanctions history, transfer history, assault history, etc.
>
> (2) answers to interrogatories requesting the names and identities of numerous John and Jane Doe defendants and other SCI Huntington employees; whether Plaintiff was a documented D code stability inmate on the S.N.U. block and whether Plaintiff was moved off the S.N.U. block; whether each defendant was aware of Inmate West's history of violence, disciplinary history, sanctions, etc.; and a description of Inmate West's history of violence and disciplinary matters;

---

[1] *See* ECF Nos. 48, 50, 53, 56, 57, 58, 59, 61, 67, 87.

> (3) inspection of the closed circuit television video of the attack and Plaintiff's deposition transcript.

Each motion to compel is supported by a one page brief which only consists of one or two sentences explaining why Plaintiff needs the discovery at issue.

Defendants did not respond to Plaintiff's discovery requests and only opposed the motions to compel after they were ordered to do so by the Court. In the opposition, Defendants argue that they do not believe they were properly served with the discovery requests before the motions to compel were filed. Further, Defendants argue that Plaintiff should not able to amend his complaint to include that his status as an alleged confidential informant was disclosed by corrections officers to other inmates. Defendants also explain that Plaintiff's medical records have already been provided to him and that they would make arrangements for him to review the CCTV recording of the incident and his deposition transcript. The remainder of the requests, they argue, "seek confidential information which cannot be provided in the prison setting." In their brief, Defendants do not explain how each requested item is objectionable under the standards set out in the Federal Rules of Civil Procedure. Defendants have not moved for a protective order as to any confidential discovery materials.

## II. DISCUSSION

Federal Rules of Civil Procedure 26(b) provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant

to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2]  Rule 37(a)(2)(B) enforces this obligation by providing that if a party, in response to a discovery request for production, inspection, or answer to interrogatory submitted under Rule 34, fails to respond or produce, permit inspection, or answer the interrogatory, "the discovering party may move for an order" compelling an appropriate response, whether it be production, inspection, or answer to interrogatory.[3]

In order to properly determine whether Plaintiff's requests are discoverable, this Court first turns to Plaintiff's complaint, which contains an Eighth Amendment failure to protect claim. The Eighth Amendment imposes a duty on prison officials to take reasonable steps to protect prisoners from attacks by other prisoners.[4] In order to prevail under § 1983, an inmate must show that the defendants knew of the danger that the plaintiff faced. While a prisoner can prove knowledge of impending harm by demonstrating that he or she alerted prison officials to an identifiable threat, a prisoner can also show the existence of so substantial a risk of harm that the defendants' knowledge of the risk can be inferred.[5]  A risk is obvious where a

---

[2]  Fed. R. Civ. P. 26(b)(1).
[3]  Fed. R. Civ. P. 37(a)(2)(B).
[4]  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).
[5]  *See id.* at 848.

4

prisoner can show the risk to be long-standing, pervasive, well-documented, or that it has been expressly noted by prison officials in the past.[6]

Turning to Plaintiff's discovery requests, it is concievable that some requests may be discoverable as relevant or likely to lead to the discovery of admissible evidence under the failure to protect framework outlined in *Farmer*--had Plaintiff adequately explained his need for each item. Instead, Plaintiff provided only a sentence or two to support each motion to compel. This is simply insufficient to explain to the Court (or the Defendants) how each item requested is discoverable under Rule 26. Because Plaintiff has failed to demonstrate that he properly served the discovery requests on Defendants as well as his need for each request, the Court must deny without prejudice the motions to compel.

## III. CONCLUSION

For the foregoing reasons, the Court will deny without prejudice the discovery requests and amend the scheduling order to permit Plaintiff an opportunity to properly serve and better develop the rationale for any further discovery requests he seeks to make. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] *Id.* at 842.